CARPENTER, Administratrix, etc., vs. MURPHEY.

*April 6 — May 31, 1883.*

*Setoff — Claims against deceased persons — Limitation.*

Sec. 3844, R. S. does not merely affect the remedy, but, after the expiration of the time limited for the presentation of claims against deceased persons, extinguishes the right of recovery of demands not so presented. Sec. 3847 does not repeal or modify sec. 3844 or authorize claims barred by that section to be set off in an action by an executor or administrator. And the general language of secs. 4234 and 4260 must be construed to be modified and limited accordingly.

APPEAL from the County Court of *Milwaukee* County. The action is upon a promissory note made by the defendant to the plaintiff's intestate for $6,322.80 and interest, dated July 1, 1875, and payable by its terms one year from date. The complaint is in the usual form, and alleges the death of Mr. Carpenter, intestate, February 24, 1881, and the due appointment and qualification of the plaintiff as administratrix of his estate on the 3d of May next ensuing. The defendant answered, admitting the making of the note, the death of Mr. Carpenter, and the appointment and qualification of the plaintiff as administratrix, as alleged in the complaint. He also interposed, by way of counterclaims or setoffs, several money demands alleged to have been held by him against Mr. Carpenter at the time of his death, amounting in all to several thousand dollars. The plaintiff in her reply, after traversing the allegations of the answer in respect to such counterclaims or setoffs, alleged in bar of all of them as follows: "That the said Matthew H. Carpenter departed this life February 24, 1881, being at that date a citizen and resident of the state of Wisconsin, and of the county of Milwaukee, and an inhabitant of said county; that on the 3d day of May, 1881, upon the petition of this plaintiff, letters of administration upon the estate of said Carpenter

were duly issued and granted to this plaintiff by the county court of Milwaukee county, Wisconsin, in probate; that on the 3d day of May, 1881, the said county court, upon the application of this plaintiff, made an order limiting the time for creditors of said estate to present their claims, to wit, allowed the period of six months therefor from and after the date of such order, and therein and thereby appointed the first Tuesdays of October, 1881, and November, 1881, for the hearing and allowance of all claims against said estate, and directed that notice thereof be given the creditors of said estate by the publication of said order in the Milwaukee Daily Sentinel, a newspaper published in the county of Milwaukee, for the period of four successive weeks; that the said notice was so duly given by the publication of said order in said newspaper as by said order directed, the first publication thereof being made within ten days after making said order; that the time limited for the presentation of claims against said estate has long since, and prior to this action, expired; and that the said defendant did not, nor did any one on his behalf, ever present for allowance any of the claims in said answer alleged, nor have they or any of them ever been allowed, whereby said claims and each of them have become barred." To this defense the defendant interposed a general demurrer, which was overruled by the court. This appeal is by the defendant from the order overruling such demurrer.

For the appellant there were briefs by *Stark & Brand*, his attorneys, and a brief by *Chas. W. Felker*, of counsel, and the cause was argued orally by *Mr. Stark*.

For the respondent there was a brief by *Jenkins, Winkler & Smith*, and oral argument by *Mr. Jenkins*.

LYON, J.   Counsel for plaintiff claim that the portion of the reply demurred to is a valid pleading, because sec. 3844 of the revised statutes bars the defendant from pleading the

setoffs alleged in his answer, under the circumstances alleged in the reply. Counsel for the defendant maintain the right to interpose such setoffs in this action under sec. 3847. These sections are as follows: "Sec. 3844. Every person having a claim against a deceased person, proper to be allowed by the court or commissioners, who shall not, after notice given as required by section three thousand eight hundred and thirty-nine, exhibit his claim to the court or commissioners within the time limited for that purpose, shall be forever barred from recovering such demand, or from setting off the same in any action whatever." "Sec. 3847. Nothing in this chapter shall be construed to prevent an executor or administrator from commencing and prosecuting any action against any other person, or from prosecuting any action commenced by the deceased in his life-time, for the recovery of any debt or claim, to final judgment, or from having execution on any judgment. In such case the defendant may set off any claim he may have against the deceased, instead of presenting it to the court or commissioners, and all mutual claims may be set off in such action. If judgment shall be rendered in favor of the defendant, the same shall be certified by the court rendering it to the county court, and be considered the true balance, and paid as other claims allowed against the estate."

By a familiar rule, of universal application in such cases, these two sections are to be construed so that both shall stand and be operative, if the language employed will admit of such construction. The demands against the plaintiff's intestate, Mr. Carpenter, which the defendant seeks to set off against the note in suit, are demands proper to be allowed by the court or commissioners, and hence are included in the prohibition and bar of sec. 3844. The next section prohibits the bringing of an action upon them against the administrator. Hence, if sec. 3844 stood alone, there is no room to doubt that, if the facts stated in the reply are true, the de-

fendant has lost all remedy upon his demands, either by way of action or setoff, and the demurrer to the reply was properly overruled. The provision is plain and unmistakable that, by failing to present his claims to the commissioners, the defendant was forever barred from setting off the same in any action whatever.

Does sec. 3847 either repeal or modify this provision, as respects the demands sought to be set off in this action? It seems quite clear to our minds that it does not. The language of the section is: "In such case the defendant may set off any claim he may have against the deceased, instead of presenting it to the court or commissioners, and all mutual claims may be set off in such action." The defendant having failed to present his claims against the plaintiff's intestate to the commissioners, and the time allowed by law for so presenting them having elapsed, such claims were absolutely and forever barred, either as the basis of an action or a setoff. Sec. 3844 did not merely affect the remedy; it extinguished the right. *Brown v. Parker*, 28 Wis., 21. From thenceforth the defendant had no claim against the deceased; no mutual claims existed between them. Moreover, sec. 3847 gives the defendant an option to set off against the demand upon which the administratrix has brought suit, any claim the defendant may have against the deceased, or any mutual claim, "instead of presenting it to the court or commissioners." This plainly implies that the right of so presenting the claim sought to be set off must have existed when the action was commenced, otherwise no option could be given, and the sentence last above quoted would have been omitted from the statute.

If the defendant has the right of setoff which he claims, it is because sec. 3847 repeals *pro tanto* sec. 3844. A construction which leads to that result is to be avoided, unless it is inevitable. Such a construction of sec. 3847 is not inevitable, or even reasonable, in our opinion. Confining the sec-

tion, as the legislature manifestly intended it should be, to those actions by an executor or administrator in which the defendants have existing claims against the deceased, and have an existing right to present them for allowance to the court or commissioners, and both sections may stand together. The language of sec. 3847 not only admits of, but plainly points to, that construction, and the rule of statutory interpretation which requires the court to adopt it as the true construction of the section, is axiomatic.

We get but little light on the subject or aid from the adjudications in other states. The supreme court of Vermont has given the construction here indicated to similar statutes, while the supreme court of Missouri has taken a different view. *Ewing v. Griswold*, 43 Vt., 400; *Soule v. Benton*, 44 Vt., 309; *Stiles v. Smith*, 55 Mo., 363; *Lay v. Mechanics' Bank*, 61 Mo., 72. For the reasons above suggested we are constrained to think the Vermont court has given to the statute the construction required by the settled rules of statutory interpretation.

Counsel for defendant have submitted arguments in support of the validity of the setoffs pleaded, founded upon two other sections of the revised statutes, one of which is contained in the general statute of limitations (ch. 177), and the other in the general chapter concerning setoffs. Ch. 178. These sections are as follows: "Sec. 4234. If a person, entitled to bring an action, die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives after the expiration of that time, and within one year from his death. If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced after the expiration of that time, and within one year after the issuing, within this state, of letters testamentary or of administra-

tion." "Sec. 4260. In actions brought by executors and administrators, demands existing against their testators or intestates, and belonging to the defendant at the time of their death, may be set off by the defendant in the same manner as if the action had been brought by and in the name of the deceased."

These are general provisions, subject to modification, restriction, and limitation in particular classes of actions, by the specific provisions of other chapters. Secs. 3844 and 3847, above quoted and construed, are found in ch. 165, entitled "Of the proof and payment of debts and legacies." Whatever specific provisions that chapter contains which contravene the general provisions of chapters 177 and 178, must prevail. R. S., 1147, sec. 4972, subd. 14. If, therefore, sec. 4234, standing alone, would have given the defendant an action against the administratrix on his claim, and the corresponding right of setoff in this action under the general statute concerning counterclaims (R. S., 725, secs. 2655–6), or if sec. 4260 would have given the right to plead such setoff in this action, both the right of action and setoff are taken away by secs. 3844 and 3845, and to that extent the general provisions referred to are modified and limited.

There are several classes of actions excepted from the provisions of ch. 165, and as to those secs. 4234 and 4260 probably remain in full force. If no time has been fixed in which creditors may present their claims against the deceased for allowance, or if no notice of such limitation has been ordered or given, the creditor may maintain an action against the executor or administrator. So, also, such an action may be maintained for the recovery of specific real or personal property, or to establish, enforce, or foreclose a lien or right of lien on real or personal property. Sec. 3845. What the effect would be upon the right of setoff should the plaintiff in an action die before the answer is put in, we need not determine. The question will seldom arise, for the reason that

the practice in this state would usually — almost inevitably — require the defendant to answer in such a case before the time for presenting claims could elapse.

The cause has been argued by ,the respective counsel with great ability, and numerous cases adjudged elsewhere have been cited to the different propositions contended for.   It has not been deemed necessary to comment on these cases in this opinion, because we are satisfied that this case is ruled by a few elementary principles, concerning which there can be no controversy.   We have endeavored to apply those principles to the case, and we think it inevitably results therefrom that the defendant has lost the right to interpose in this action the setoffs which he has pleaded.

The order of the county court, overruling the demurrer, must be affirmed.

*By the Court.*— Order affirmed.