ABEL W. ROWELL, guardian of ALDEN S. HUNNEWELL,

*vs.*

DAVID PATTERSON, administrator of the estate of RICHARD
HUNNEWELL.

Somerset.    Opinion May 29, 1884.

*Administrator.    Insane person.    Statute of limitations.    Stat. 1872, c. 85.*

The limitations of the stat. 1872, c. 85, for presenting claims against an estate
to the administrator, and bringing an action thereon, apply to claims held by
an insane person, though such person has no guardian during the two years
next after the notice of the appointment of the administrator.

ON REPORT.

Assumpsit by the guardian of an insane person, against the
administrator of his father's estate.    Richard Hunnewell died
October 30, 1879 ; the defendant was appointed administrator,
February 3, 1880, and gave notice of his appointment, February
9, 1880.    Alden S. Hunnewell has been insane ever since his
father's death, but had no guardian until June 6, 1882, when
Mr. Rowell was appointed.    June 30, 1882, the guardian pre-
sented the claim sued to the administrator, in writing, and
demanded payment.

The suit was brought August 21, 1882.

By the terms of the report if the action was maintainable the
case was to stand for trial, otherwise a nonsuit was to be entered.

*Walton and Walton,* for the plaintiff.

Here is an insane person who has not the capacity to bring an
action and as to whom the cause of action does not accrue until
the disability is removed.    R. S., c. 81, § 85.    See *Oliver* v.
*Berry,* 53 Maine, 206 ; *Lancey* v. *White,* 68 Maine, 32.

*Turner Buswell,* for the defendant, cited :    *Scott* v. *Hancock,*
13 Mass. 162 ; *Brown* v. *Anderson,* 13 Mass. 201 ; *Hall* v.
*Bumstead,* 20 Pick. 2 ; *Baker* v. *Bean,* 74 Maine, 18 ; *Little-
field* v. *Eaton,* 74 Maine, 516.

LIBBEY, J. We think it clear that this action is barred by the act of 1872, c. 85. The statute contains no exception in favor of insane persons or infants. Claims held by them against the estate of a deceased person are barred by the limitation as well as those held by others. *Baker* v. *Bean*, 74 Maine, 17; *Hall* v. *Bumstead*, 20 Pick. 2; *Van Steenwyck* v. *Washburn*, 28 Albany Law Journal, 483.

Whether sound public policy required an exception from the limitation in favor of insane persons and infants, was a question for the determination of the legislature. It did not deem it wise to make such exception. A construction by the court making it would be judicial legislation. We know no rule for the construction of statutes which would authorize it.

*Plaintiff nonsuit.*

PETERS, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.