ERNST and another, Appellants, vs. NAU, Executrix, etc., Respondent.

*April 2 — April 28, 1885.*

*Contribution from estate of deceased surety.*

An action to compel contribution cannot be maintained by sureties against the personal representatives of a deceased co-surety, if the time in which to present claims against his estate has been fixed and notice thereof duly given. The claim for contribution must be presented as a contingent claim under sec. 3858, R. S., or, within one year after it becomes absolute, under sec. 3860, R. S. Sec. 3868, R. S., providing that " the claimant may also have a remedy by any proper action," refers only to such actions as are expressly authorized by ch. 165.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

" This is an action by sureties against the executrix of a co-surety for contribution, commenced March 29, 1883. The jury was waived, and the cause was tried by the court, which found, in effect, that July 8, 1875, William Grosskopf was appointed executor of Theodore Grosskopf, deceased; that on that day the plaintiffs and Conrad Nau and John Roehring signed William's bond as sureties to the county judge, in the usual form, in the penal sum of $50,000, for the faithful performance by William of his duties as such executor; that January 22, 1881, William was adjudged in default in the sum of $6,536.45, and ordered to forthwith pay the same to the parties entitled; that William failed to pay, and died insolvent before April 1, 1881; that April 1, 1881, the county court granted permission to bring an action in the circuit court upon the bond to recover the amount named; that November 2, 1881, and before any action was commenced on the bond, Conrad Nau died, and his will was admitted to probate December 6, 1881, and the defendant was then appointed his executrix; that December 6, 1881, the time was limited to six months for presenting and allowing claims against the estate of said Nau, and the times and places for presenting and hearing such claims were then fixed, and the requisite notices given; that no claim upon the bond, or on account of any payment thereon, or for contribution, was ever presented against Nau's estate, or allowed; that April 15, 1882, an action was commenced in the circuit court upon the bond, in the name of the county judge, against the plaintiffs and Roehring, to recover the sum named, and interest; that the time so limited to present claims against Nau's estate expired June 6, 1882; that December 7, 1882, the plaintiffs paid the amount named, with interest to that date; that the action on the bond was, nevertheless, prosecuted to judgment which was rendered thereon

March 7, 1883, for $7,508.07 damages; that the estate of Conrad Nau still remained unsettled; that no assignment or distribution of any portion of his estate had been ordered; and that Roehring was insolvent.

" As conclusions of law, the court found, in effect, that the action could not be maintained against the defendant as executrix; and that the trial court had no jurisdiction of an action at law against her upon a claim against the estate. From the judgment entered accordingly the plaintiffs appeal."

For the appellants there was a brief by *Small & Ladue*, and oral argument by *Mr. Small.*

*Joshua Stark*, for the respondent.

CASSODAY, J.   It is conceded that the facts were correctly found.   The only question presented is whether they are such as to entitle the plaintiffs to recover.   Every claim "proper to be allowed," not exhibited " within the time limited for that purpose," is forever barred.   Sec. 3844, R. S.; *Carpenter v. Murphey*, 57 Wis. 541.   Was the plaintiffs' claim one proper to be allowed within the meaning of that section?

The principal named in the bond was adjudged in default, and ordered to pay over the amount named, January 22, 1881.   He failed to do so, and died insolvent before April 1, 1881.   The liability of all the sureties, including Conrad Nau, became thereby fixed in favor of the obligee named in the bond, for the benefit of the persons entitled.   Conrad Nau continued liable on the bond until he died, November 2, 1881.   Thereupon his estate became liable.   Sec. 3848, R. S.   That section provides that when any two or more persons shall be indebted on any joint contract, and either of them shall die, his estate shall be liable therefor, and the claim may be allowed by the court as if the contract had been joint and several; and the other parties to such joint contract may be compelled to contribute or to pay the same,

if they would have been liable to do so upon payment thereof by the deceased.

The fact that the bond ran to the county judge did not prevent its being presented and allowed against the estate any more than it prevented the action being commenced in his name in the circuit court against the surviving sureties.

The liability against the estate of Nau on the bond was just as fixed and absolute as it was against the plaintiffs; and the claim of $6,536.45 might have been presented against Nau's estate within the time limited, and allowed for the full amount. Had it been so presented, allowed, and paid, then the plaintiffs might have been compelled to contribute to the estate their proportionate shares of such payment. But it never was so presented nor allowed. The right of contribution either in favor of the estate and against the plaintiffs, or in favor of the plaintiffs and against the estate, was contingent only upon payment. That contingency existed from the time when the liability of all the sureties on the bond became fixed and absolute, as above stated, until the plaintiffs made payment of the whole amount claimed on the bond, December 7, 1882, when it became absolute, unless the plaintiffs had previously lost all right to contribution by reason of the fact that neither the bond, nor the plaintiffs' contingent claim for contribution, created by the execution of the bond, was presented against the estate within the time limited.

Was the contingent liability of Conrad Nau and his estate for contribution in case of payment provable against Nau's estate under our statute? Sec. 3858 provides in effect that if any person has any contingent claim against the estate of a deceased person " which cannot be proved *as a debt* before the court or commissioners, or allowed by them, the same *may be presented with the proper proof* to the court or commissioners, and they shall embrace the same in a statement as provided in section 3842." The statement

thus provided for in that section must be in writing, and made by the court or commissioners, "embracing lists of the claims presented against the deceased, and those exhibited in offset, and stating how much was allowed and how much disallowed in each case, together with the final balance, whether in favor of the creditor or the estate; and the same shall be recorded and *stand as the judgment* of the court." Obviously the contingent claim which may be so "presented with proper proof," and "embraced" in the "statement" which is to "stand as the judgment of the court," must be presented within the time limited, otherwise it could not be so embraced nor so stand as a part of such judgment. "If such contingent claim," after having been so presented and embraced in such statement, and so made a part of such judgment of the court, "becomes absolute," and thereupon the fact of its having so become absolute "be presented to the county court at any time within two years from the time limited for other creditors to present their claims, it may be allowed by such court *upon due proof*" of the facts making it absolute, "in the same manner as other claims presented for allowance within the time limited for that purpose;" and if so "allowed," the creditor is "entitled to receive payment thereon to the same extent as other creditors." Sec. 3859, R. S.

So sec. 3860 provides, among other things, in effect that if any such contingent claims have not been so presented, but have "become absolute at any time after the time limited for creditors to present their claims, the person having such claim may present it to the county court, and prove the same at any time within one year after it shall . . . become absolute; and if established in the manner provided in this chapter, the executor or administrator shall be required to pay it, *if he shall have sufficient assets for that purpose*, and shall be required to pay such part as he shall have assets to pay," etc. When the claim is proved under

this section within one year after it becomes absolute, and the estate has been distributed before such proof is made, the claimant may possibly have a remedy by action in equity against the heirs, devisees, or legatees, under sec. 3861, although the words " or become absolute," found in the preceding section, seem to have been dropped out, leaving the words " shall accrue."

Thus it appears that the plaintiffs had two opportunities for proving their claim against Nau's estate for contribution. *First.* They could have proved it within the time limited, as a contingent claim under secs. 3858, 3842, and 3859. In that event they would have insured the collection of their whole claim out of the estate, or at least their proportionate share with other creditors. There was no more difficulty in proving such contingent claim against such estate than to prove such contingent claim in bankruptcy against a bankrupt's estate. That can be done, as held by this court in *Davis v. McCurdy*, 50 Wis. 569, where the claim against a surety on a guardian's bond was defeated by the discharge in bankruptcy, on the ground that it was provable against the estate of the bankrupt. *Second.* The plaintiffs had one year within which to prove their claim after it became absolute, but under that section they would have been obliged to take their chances as to getting the amount out of the estate. The year commenced December 7, 1882, and terminated December 7, 1883. This action was commenced during the first portion of the year. Whether the plaintiffs presented and proved their claim after the commencement of this action, and before the termination of the year, does not appear. Certainly they misconceived their remedy in bringing this action.

The statute expressly prohibits the commencement of any action against an executor, " excepting actions for the recovery of specific, real, or personal property, or actions to establish, enforce, or foreclose a lien or right of lien on real or

personal property." Sec. 3845, R. S.; *Lannon v. Hackett,* 49 Wis. 261. The learned counsel for the appellants contend that the right to maintain this action is expressly given by the clause in sec. 3868, R. S., which declares that "the claimant may also have a remedy by any proper action." But that clause is clearly limited to such actions as are expressly authorized by the chapter in which that section is contained, and not to such as are therein expressly prohibited, and in lieu of which other remedies are therein provided.

*By the Court.*— The judgment of the county court is affirmed.