WINTER, Appellant, vs. WINTER, Respondent.

*November 28, 1898 — January 10, 1899.*

*Estates of decedents: Presentation of claims: Nonresidents: Limitations.*

The provision of sec. 3844, Stats. 1898, that "every person" having a claim proper to be allowed who shall not present it within the time limited shall be "forever barred," applies to nonresident as well as to resident creditors, and to property and rights involved in an ancillary administration as well as to those involved in a domiciliary administration, at least as far as the courts of this state are concerned. A creditor who fails to present his claim in an ancillary administration in this state within the time limited cannot, therefore, maintain an action here against an heir of the decedent, to charge her to the amount of the real estate in Wisconsin which descended to her from such decedent.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This is an action against the heir of a deceased person, under secs. 3274 *et seq.,* Stats. 1898. The action was tried by

the court. The facts were not in dispute, and were found by the court to be substantially as follows:

Both the plaintiff and the defendant are residents of California. The defendant is the widow and heir at law of one W. G. Winter, who died, intestate, December 24, 1892, in San Francisco, leaving estate in California, and also being seised of certain real estate in Dane county, Wisconsin. His estate in California was inventoried in May, 1893, at nearly $71,000, of which nearly $9,000 was personal property, and the balance real estate. Administration was had of his estate in the superior court of the city and county of San Francisco, which is a court of general jurisdiction having also probate jurisdiction, and the defendant was appointed administratrix of the estate. The plaintiff was a creditor of the estate to the amount of $9,538.75, and duly proved his claim April 5, 1893. At the time of the commencement of this action, the plaintiff was the sole remaining creditor of the estate, except the German Savings & Loan Association of San Francisco, which had a mortgage of $10,000, secured upon the real estate in California by a lien prior to the plaintiff's. The personal estate of the deceased, in California and Wisconsin and elsewhere, is not sufficient to pay the plaintiff's debt, or any part thereof; and all of the real estate of the estate, except that in Wisconsin, is only of the value of $13,296.66, upon which the claim of the savings and loan society is a prior lien to that of the plaintiff. The plaintiff has been unable, with due diligence, to collect any part of his debt in the California probate court, and will be unable to collect the same, or any part thereof, in the Dane county court, or elsewhere. Ancillary administration of the estate of W. G. Winter was had in the Dane county court, and administration was granted June 27, 1893, and an order made limiting the time for the presentation of claims, which time expired January 1, 1894, which order was duly published and proven in accordance with the stat-

utes; but no claim was filed by the plaintiff in said estate, and said estate was finally closed March 6, 1896, and the administrator discharged. The aforesaid real estate, situ- ated in Dane county, of which the said W. G. Winter died seised, descended to *Josephine Winter* as his sole heir at law, and was never in the possession or under the control of the administrator of the estate, and was not inventoried as a part of the estate in the California court.

From these facts the court concluded that the plaintiff was barred from any judgment in this action, by the pro- visions of sec. 3844, Stats. 1898, and dismissed the plaintiff's action, from which judgment the plaintiff appeals.

*A. G. Zimmerman*, for the appellant.

For the respondent there was a brief by *Spooner, Sanborn & Spooner*, and oral argument by *A. L. Sanborn*.

WINSLOW, J. Both the plaintiff and the intestate debtor lived in California, and the debtor owned real estate in Wis- consin. Administration of the intestate's estate was duly had in California, and the plaintiff duly proved his claim there. Administration was also had in Wisconsin, and the plaintiff failed to prove his claim here within the time limited by statute, although the notice to creditors was duly given; and the question is whether the plaintiff has become barred by sec. 3844, Stats. 1898, from bringing an action under secs. 3274 *et seq.*, Stats. 1898, against the heir at law, to charge her to the amount of the real estate in Wisconsin which has descended to her from the deceased. It is well settled in this state that, so far as resident creditors are concerned, claims which are not presented as required by sec. 3844 are forever barred; not only is the remedy cut off, but the right of ac- tion is extinguished. *Carpenter v. Murphey*, 57 Wis. 541; *Austin v. Saveland's Estate*, 77 Wis. 108. And the question now presented is whether nonresident creditors are governed by the same rule. It will be readily seen that the statute

contains no exception, either express or implied, in favor of nonresidents. It says that "every person" having a claim proper to be allowed who shall not present it within the time limited shall be "forever barred." Statutes of this nature exist in most, if not all, of the states, and are generally known as "statutes of nonclaim;" and they are generally applied more rigorously than the general statutes of limitation. In many states there are saving clauses in favor of nonresidents, infants, and insane persons; but, in the absence of such saving clause, they run against all persons, including nonresidents as well as residents. 2 Woerner, Administration, § 402. This has been so held by the supreme court of the United States, in the case of *Morgan v. Hamlet*, 113 U. S. 449, which was brought by nonresidents of the state of Arkansas, against residents of that state, for the purpose of reaching assets in the hands of heirs at law of a deceased person. See, also, *Erwin v. Turner*, 6 Ark. 14; *Rowell v. Patterson*, 76 Me. 196; *Richardson v. Harrison*, 36 Mo. 96; *Board of Public Works v. Columbia College*, 17 Wall. 521; *Van Steenwyck v. Washburn*, 59 Wis. 483. A different result was reached in *Hartman v. Fishbeck* (U. S. Cir. Ct. E. D. Wis.), 18 Fed. Rep. 291, where it was held that the statute in question could not bar an action against the administrator in the United States courts. This last-named case, however, cannot be considered as authority so far as it is in conflict with *Morgan v. Hamlet, supra;* nor does it purport to decide anything save that the statute will not prevent the bringing of an action in the courts of the United States. Manifestly, the question whether it will bar an action in the state courts was not, and could not be, decided in that case. Following what seems to be the current of authority on the subject, we hold that this statute of limitations runs against nonresidents as well as residents of the state, and that it bars such an action as the one before us.

It was suggested that there might be some difference as

to the questions here involved between a domiciliary administration and an ancillary administration, and that, while the statute might bar the unpresented claim of a nonresident in the first case, it would not necessarily have that effect in the latter case. We can perceive no substantial difference between the two proceedings. Sec. 3806, Stats. 1898, provides for the granting of letters of administration in two cases: First, when an inhabitant of the state shall die intestate; and, second, when a resident of another state or country shall die leaving estate to be administered in this state. But, when letters have been issued, the course of administration is the same in both cases, the provisions 'for the presentation of claims apply equally to both, and we are unable to see why the limitation statute is not in terms and in spirit equally applicable to property and rights involved in an ancillary administration as to property and' rights involved in a domiciliary administration, at least as far as the courts of this state are concerned. The ancillary administration is an entirely independent administration. *Price v. Mace*, 47 Wis. 27. This action is, in effect, a proceeding to subject real property within this state to the payment of a debt which by the laws of this state is completely barred, and no reason is perceived why the courts of this state should not enforce the bar of the statute.

*By the Court.*— Judgment affirmed.