CASE 117—PETITION BY W. H. INGRAM AGAINST B. A. FUSON FOR A WRIT OF PROHIBITION.—NOVEMBER 1.

# Ingram v. Fuson.

APPEAL FROM THE BELL CIRCUIT COURT—M. J. MOSS, CIRCUIT JUDGE.

FROM AN ORDER SUSTAINING A DEMURRER, TO THE PETITION, PLAINTIFF APPEALS. REVERSED.

POLICE COURTS—TERRITORIAL JURISDICTION—STATUTES—VALIDITY.

Ky. St. 1903, sec. 3496, providing that the police jurisdiction of a city shall extend to any point in the county within two miles of the boundary of the city, is void, as a violation of Const., sec. 143, providing that a police court may be established in each city, with jurisdiction in cases of violation of municipal ordinances and by-laws occurring within the corporate limits of the city or town in which it is established, and such criminal jurisdiction within said limits as is accorded to justices of the peace.

WELLER & POINTS, ATTORNEYS FOR APPELLANT.

1. Sec. 3496, Ky. Statutes does not give to the police judge or city court any jurisdiction to try penal cases arising in any part of the county outside of the city boundary.

2. Sec. 3517, Ky. Statutes, can give no jurisdiction to police courts to try cases or not to try them, but is merely to direct where and how the fines and forfeitures shall inure.

3. Sec. 143 of the Constitution limits the jurisdiction of police courts within the corporate limits of the city.

E. G. WILSON, ATTORNEY FOR APPELLEE.

We contend that police courts in cities of the fourth class have jurisdiction coextensive with that of the police force which extends two miles outside of the city boundary, and that such extension is not in conflict with sec. 143 of the Constitution. Ky. Statutes, secs. 3496, 3517, Constitution, sec. 143.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

The appellant, W. H. Ingram, operates a distillery in Bell

county, about a half mile outside of the corporate limits of the city of Pineville. On the 22d of March, 1904, the appellee, B. A. Fuson, who was at that time the police judge of the city of Pineville, a city of the fourth class, issued a warrant charging the appellant with unlawfully and without license selling whisky by retail in the county of Bell, and delivered this writ to the chief of police of the city, with instructions to arrest appellant and bring him before the police court for trial. Thereupon the appellant brought this action against the appellee, alleging that, unless prevented by order of the circuit court, he would, as judge of the city court, proceed to try appellant upon the charge, and other similar charges, of which he had no jurisdiction, to his great and irreparable injury, and asked that a writ of prohibition should issue against appellee, as judge of the Pineville police court, restraining him from proceeding farther in the premises. Appellee answered, admitting that he had issued a warrant against the appellant for selling liquor illegally outside the boundary of the city, but claimed that, under sections 3496 and 3517 of the Kentucky Statutes of 1903, which are provisions of charters of fourth-class cities, he had jurisdiction of the offense, and asked that plaintiff's petition be dismissed. Appellant demurred generally to the answer, which the trial court overruled, and the demurrer, was carried back to the plaintiff's petition, and same dismissed, and from that judgment he has appealed.

Section 3496 provides that "the police jurisdiction of the city shall extend to any point in the county within two miles of the boundary of the city." And section 3517 provides that "all fines and forfeitures recovered in the police court in the name of or in favor of the Commonwealth of Kentucky for violations of the penal laws committed within said city's police jurisdiction are hereby granted to the city, and

when collected after payment of all fees and cost shall be paid to the treasurer of said city." In 1 Black, Judgments, section 215, the word "jurisdiction" is defined as follows: "The power and authority constitutionally conferred upon a court or judge to pronounce the sentence of the law or to award the remedies provided by law upon a state of facts. proven or admitted, referred to the tribunal for decision, and authorized by law to be the subject of investigation or action by that tribunal in favor of or against persons who present themselves or who are brought before the court in some manner sanctioned by law as proper and sufficient." The section of the statute relied on as conferring jurisdiction upon appellee to try the defendant on the warrant issued for offenses committed outside of the boundary of the city of Pineville is, we think, in palpable violation of section 143 of the Constitution of the Commonwealth of Kentucky, which provides that "a police court may be established in each city and town in this State with jurisdiction in cases of violation of municipal ordinances and by-laws occurring within the corporate limits of the city or town in which it is established and such criminal jurisdiction within said limits as justices of the peace have." Under this section of the Constitution, the General Assembly has no power to confer upon a police court jurisdiction to try and determine offenses occurring outside of the corporate limits of the city or town in which it is established.

We therefore conclude that the trial court erred in overruling appellant's demurrer to the appellee's answer, and in dismissing his petitions. For these reasons, the judgment is reversed, and cause remanded, with instructions to sustain appellant's demurrer to appellee's answer, and to grant a writ of prohibition restraining appellee from proceeding

farther with the trial of the warrants against the appellant, and for such other orders as may be necessary to carry into effect this opinion.