STEHN, Administrator, Respondent, vs. HAYSSEN and others, Appellants.

*March 18—April 5, 1905.*

*Circuit and county courts: Jurisdiction: Estates of decedents: Partnership: Accounting: Wills: Construction: Title to personalty: Laches: Limitation of actions: When cause of action accrues: Failure to present claim against decedent: Pleading: Demurrer: Presumptions.*

1. The circuit court has jurisdiction of an action by the personal representative of one deceased partner for an accounting and settlement of the partnership affairs, although the estate of a subsequently deceased partner is in process of settlement in the county court, where there is a surviving partner who is a necessary party and against whom judgment cannot be recovered in the county court.

2. In an action by the personal representative of a deceased partner for a partnership accounting and settlement, there being no suggestion in the complaint that the persons interested in the estate of the deceased, some of whom were minors without guardians, had settled the partnership matter, no such settlement will be presumed, on demurrer, to have taken place.

3. A will giving to the testator's widow during widowhood, and until his youngest child should arrive at the age of maturity, "all my property of whatever description . . . including my interest in the firm," etc., did not give the widow such partnership interest as a specific bequest, to be enjoyed by her *in specie,* but merely mentioned such interest for greater certainty and disposed of it in the same way as the other property.

4. Neither the widow nor the other legatees (the testator's children) could take title to such partnership interest except through the medium of an executor or administrator; and upon appointment of an administrator the right to recover such interest vested in him.

5. From the complaint in the action for an accounting it appeared that the widow and children were ignorant of their rights under the will and of their right to an accounting; that the widow did not qualify as executrix; that no administrator was appointed until about sixteen years after the will was proved, when one of the testator's sons, within a few months after attaining majority, was appointed administrator with the will annexed and commenced the action. *Held,* on demurrer, that the complaint did not show laches.

6. There being no person in existence who could bring •the action for an accounting until the appointment of plaintiff as administrator, the cause of action did not accrue until such appointment, and the action was not barred, under sec. 4221, Stats. 1898, at the expiration of ten years after the dissolution of the partnership by the death of plaintiff's testator.

7. Defendant, not having pleaded a limitation under sec. 4251, Stats. 1898, could not rely thereon, even if the time limited thereby had expired.

8. Failure to present a claim on behalf of the testator's estate against the estate of the subsequently deceased partner did not operate as a bar, under sec. 3844, Stats. 1898, to the action for an accounting, or prevent the reaching of partnership property therein, whatever its effect might be as to a money recovery against the last-mentioned estate.

9. That the testator's widow may, contrary to legal right, have participated in continuing the business of the partnership—no such fact being stated in the complaint—is not ground for a demurrer for defect of parties upon the theory that the widow is a necessary party.

APPEAL from an order of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The appeal is from an order overruling separate demurrers to the complaint. That document alleged that for many years prior to 1886 one John H. Stehn was associated as copartner with John M. Kohler and *Herman Hayssen* in the manufacturing business at Sheboygan; that Stehn died in November, 1886, leaving a widow and six children, of ages from twelve to two years, and leaving a will, by which he gave "unto my beloved wife, to have and to hold unto her own use, and as long as she may remain my widow and until the youngest of my children shall have arrived at the age of maturity, all of my property of whatsoever description, real, personal, or mixed, including my interest in the firm of Kohler, Hayssen & Stehn, of the city of Sheboygan. In case my wife shall remarry, and whenever the youngest of my children shall arrive at the age of maturity, all of my property aforesaid shall be divided equally between

my said wife and children then living, share and share alike."
This will was proved in January, 1887, but the widow,
who was named as executrix, never qualified, nor was any
other executor or administrator appointed until May 4, 1903,
when the present plaintiff, having then just attained his
majority, applied for and received appointment as adminis-
trator with the will annexed. At that time five of the
children had attained their majority, and one was still a
minor; all of them, together with their mother, the widow,
being still alive, and the latter not being married. On
November 5, 1900, one of the partners, John M. Kohler,
died testate, and the defendants, *George Heller* and *Robert
J.* and *Walter J. Kohler,* were appointed as executors, and
due notice given for the proof of claims against that estate,
the time of which expired before plaintiff's appointment as
administrator.

The complaint further alleges that all the property and
records of the partnership business have continued in the
hands of the defendants up to the present time; that at the
time of Stehn's death his interest in the partnership was of
the value of $12,000, which, by reason of profits and accumu-
lations, had increased to $28,000 at the time of Kohler's
death; that all debts and liabilities of the partnership had
been paid and satisfied, and a large surplus of real estate
and personal property, both of original capital and increase,
remains in the possession of the defendants; that at the time
of Stehn's death an extensive business was being done, and
the partnership had many debts, credits, and contracts out-
standing which were not consummated and realized upon for
"a number of years after his death;" that *Hayssen* and Koh-
ler both drew out from time to time large sums of money;
that the amounts thereof, and the status of the affairs of the
firm, are unknown to the plaintiff, but all within the knowl-
edge and control of the defendants; that plaintiff, until about
the time of his appointment as administrator, was not aware

of the contents of his father's will, and that he and all the other legatees therein were ignorant of their rights under said will, and of their right to an account by the surviving partners, and that no guardian was ever appointed for any of Stehn's children; that he has demanded an accounting from the defendants of the partnership affairs, and payment of such sum as might be found due him as such administrator, but has been refused; that there is a large sum due him, but that, without accounting and discovery, he is unable to state the amount, but believes the same to be $28,000; that said accounting and discovery are necessary; wherefore he prays an accounting and discovery of the property and assets, appointment of receiver to take charge of books, papers, and assets, and that the defendants be adjudged to pay, in such proportions as may be found due, such sum as may equal the proportion of the value of the assets belonging to Stehn at his death, after payment of the debts of the partnership, together with the accrued profits derived from the use thereof; also that he have general relief.

The surviving partner, *Hayssen,* demurred on grounds: (1) No cause of action stated; (2) that the action was barred by sec. 4221, Stats. 1898, (3) by sec. 4222, Stats. 1898, (4) by sec. 4226, Stats. 1898, (5) by sec. 4227, Stats. 1898; and (6) for defect of parties defendant. The executors of Kohler's estate demurred: (1) For want of jurisdiction of the subject matter; (2) failure to state a cause of action; (3) bar by sec. 4221, Stats. 1898, (4) by sec. 4222, Stats. 1898, (5) by sec. 4227, Stats. 1898, and (6) by sec. 3844, Stats. 1898.

For the appellant *Hayssen* there was a brief by *Andrew Gilbertson,* and for the appellant executors a separate brief by *Francis Williams,* and the cause was argued orally by *Mr. Gilbertson.*

For the respondent there was a brief by *Bowler & Bowler*

and *Edward Voigt,* and oral argument by *E. R. Bowler* and
. *Mr. Voigt.*

DODGE, J. 1. This action is clearly within the proper
jurisdiction of the circuit court, for the reason that the
county court, in the settlement of the Kohler estate, cannot
bring before it, or render judgment against, the surviving
partner, *Herman Hayssen,* whose presence is essential to the
ascertainment and full adjudication of the rights of all par-
ties. *Gianella v. Bigelow,* 96 Wis. 185, 71 N. W. 111;
*Morey v. Fish Bros. W. Co.* 108 Wis. 520, 84 N. W. 862;
*Gager v. Paul,* 111 Wis. 638, 87 N. W. 875.

2. The basis of the contention that the complaint does not
state facts sufficient to constitute a cause of action is not
made very apparent by the briefs, although considerable
space is devoted thereto. It seems to rest on the proposition
that the parties interested in the estate of John H. Stehn
might have so settled the partnership matter, and indeed his
whole estate, that an administration would be unnecessary.
It is not pretended that there is any suggestion in the com-
plaint that they have done so, and in view of the fact that
some of them have at all times been minors, without guard-
ians, the probability of any effective settlement would hardly
seem so imminent as to warrant the presumption that it must
have taken place.

Another suggestion under this head is that the will is to
be construed as giving the deceased's interest in this part-
nership as a specific bequest to his widow, to be enjoyed by
her *in specie.* We do not think the will is open to such con-
struction. It is to us apparent that the phrase, "all of my
property of whatsoever description, real, personal, or mixed,
including my interest in the firm of Kohler, Hayssen &
Stehn, of the city of Sheboygan," did not dispose of that in-
terest differently from any of the other property; that it was

·specially mentioned merely for greater certainty, by reason
·of a possible doubt in the testator's mind whether such an ·
interest was fully described by the expression "property."
Apart from these considerations, however, neither the widow
nor any of the other legatees could take any title to any of
the personal property except through the medium of an ex-
ecutor or administrator, so that, an administrator having
been appointed, all rights in any of the personal property
left by the deceased, including the right to recover his inter-
·est in that copartnership, are now vested in that administra-
tor, and must be sued for by him.  *Blakely v. Smock,* 96
Wis. 611, 71 N. W. 1052; *Buttles v. De Baun,* 116 Wis.
.323, 93 N. W. 5; *McKenney v. Minahan,* 119 Wis. 651, 97
N. W. 489; *Rowell v. Rowell,* 122 Wis. 1, 99 N. W. 473.

It seems also to be suggested that the complaint fails to
.state a cause of action because of laches in the plaintiff.  But
in view of the fact that this plaintiff commenced the suit
within a few months after attaining his majority, and that
it is expressly alleged in the complaint that none of the bene-
ficiaries in the estate had any knowledge of the existence of
their rights thereunder, we cannot seriously consider the sug-
gestion that laches appears on the face of the complaint.

3. *Limitations.*  Under this head four different sections
·of ch. 177, Stats. 1898, are pleaded.  For what purpose, is
not very apparent.  The only statute which in any wise de-
scribes the action is subd. 4, sec. 4221, Stats. 1898:

"An action which, on and before the twenty-eighth day of
February in the year one thousand eight hundred and fifty-
seven, was cognizable by the court of chancery, when no other
limitation is prescribed in this chapter."

An action for partnership accounting and settlement was
·one which, prior to 1857, was cognizable by the court of
chancery.  Such action, by that section, is barred within ten
years after the cause of action accrues.  No cause of action
·can accrue until there is some person in existence who can

bring it, and there is no person in existence to bring an
action in favor of the estate of a deceased person, which
arises after death, until an executor or administrator is ap-
pointed. *Bucklin v. Ford,* 5 Barb. 393; *Dunning v. Ocean
Nat. Bank,* 61 N. Y. 497; *Sanford v. Sanford,* 62 N. Y.
553; *Sambs v. Stein,* 53 Wis. 569, 572, 11 N. W. 53. Our
limitation statutes were framed in 1878, and sec. 4251,
R. S. 1878, was added in express recognition of that rule.
Revisers' Notes, 1878. Hence this cause of action did not
accrue until the appointment of plaintiff as administrator
in 1903. Another section (sec. 4251, Stats. 1898) does pro-
vide that, "There being no person in existence who is au-
thorized to bring an action thereon at the time a cause of
action accrues shall not extend the time within which, ac-
cording to the provisions of this chapter, an action can be
commenced upon such cause of action to more than double
the period otherwise prescribed by law;" but defendants
have not pleaded this limitation in their demurrer, as they
would need to, in order to meet the requirements of sec.
2651, Stats. 1898. But, in any event, the time limited by
sec. 4251, Stats. 1898, from the time of the dissolution of
this partnership by the death of Stehn, in 1886, has not yet
expired, that time being twenty years.

The separate demurrer of Kohler's executors also raises
sec. 3844, Stats. 1898, as a bar by limitation, but it cannot
have any effect to prevent the partnership accounting, nor
the reaching of property belonging to the partnership, what-
ever its effect on any money recovery against the Kohler es-
tate.

4. The separate demurrer of *Hayssen* also asserts, as a
ground, "defect of parties." Such demurrer, of course, can-
not stand in face of the provisions of sec. 2651, Stats. 1898,
which requires that a demurrer on that ground shall set
forth a particular statement of the defect. However, as we
are informed by the brief, the defect complained of is the

·absence of Mrs. Stehn as a party, and the claim that she is a necessary party apparently because she has the legal title to her deceased husband's interest in this partnership as a specific bequest, and because she may have continued that interest and participated in running the business since his death. That she has not the legal title, for two reasons, has already been shown. That she may, contrary to legal right, have participated in running the business, is certainly no ground of demurrer when the complaint states no such fact. If, by reason of any acts of hers not disclosed by the complaint, she may be a necessary party, those facts must be brought to the notice of the court by some pleading able to ·assert them.

*By the Court.*—Order affirmed.