Barry, Administratrix, Respondent, vs. Minahan, Administrator, Appellant.

*February 26—March 20, 1906.*

*Loans payable on demand: Accrual of cause of action: Estates of decedents: Claims: Filing: Statutes of nonclaim: Limitation of actions: Husband and wife: Appeal and error: Findings.*

1. A cause of action accrues where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it.

2. A cause of action to recover for money loaned, payable upon demand, accrues at the time of the loan.

3. Where a wife, one year prior to her death, loaned her husband money payable on demand, her rights thereunder against the husband accrued prior to her death and passed to her estate as a valid and existing cause of action.

4. In such case, the husband having died subsequent to the death of his wife, the estate of the wife is "a creditor of" and "a person having a claim against" his estate, within the calls of the statutes governing the administration of estates of decedents.

5. In such case the representative of the wife's estate having failed to file such claim against the husband's estate for more than two years after the time limited by the proper county court under sec. 3840, Stats. 1898, the claim is barred under the provisions of sec. 3844, Stats. 1898.

6. Such bar is not affected by the fact that there has been an unsuccessful attempt, by a son of the wife, to have a trust declared as to the same claim for the amount thereof against the husband's estate, which was defeated on the ground that no trust existed, although the son, as her heir, might profit by the recovery, since that was a different cause of action and prosecuted in a different right.

7. The filing of a claim by the administratrix of a deceased wife against the estate of the husband for money loaned by the wife to the husband is not an action between the wife and husband, and does not prevent the operation of sec. 3844, Stats. 1898, that section containing no specific exemption in favor of married women.

8. Where the trial court has refused to find that any fraud existed, and there is nothing in the record which would entitle the party alleging fraud to relief on that ground, the action of the court will not be disturbed.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

Catherine Minaghan died in 1893, leaving her surviving a minor son, her only heir at law, and her husband, John Minaghan, who died in 1901. Immediately after the death of John Minaghan an administrator was appointed, who later resigned, and *Wm. B. Minahan* was appointed administrator *de bonis non.* An order was made on the 11th day of June, 1901, for the presentation of claims, limiting the time to and including the 6th day of January, 1902. Notice of such order was published in the usual manner, and the proof of publication filed with the county court. Before the time for the presentation of claims against the estate of said John Minaghan expired, the minor son, through his guardian *ad litem,* filed a claim with the county court of Calumet county against the estate of his father, alleging that $800 had been placed in the hands of said John Minaghan about one year prior to his mother's death in trust for said minor, and asking that the trust be declared and established in his favor. The county court gave judgment in favor of the minor, which judgment was affirmed on appeal to the circuit court, and reversed by the supreme court, the supreme court holding that upon the case made no trust was created, but that the facts established showed a loan from Catherine Minaghan to her husband, and that the relation of debtor and creditor existed. *McKinney v. Minahan,* 119 Wis. 651, 97 N. W. 489. After the decision of the supreme court, and in February, 1904, Theresa Barry was appointed administratrix of the estate of Catherine Minaghan, and filed a claim as such administratrix in the probate court of Calumet county, setting up the former proceedings for the establishment of a trust in favor of the minor, and further alleging that $850 was loaned to John Minaghan prior to the death of Catherine upon his promise to repay the same with interest on demand, which money was the sole and separate property of said Catherine. It further appears from

the petition that no final accounting, final order, or decree of
distribution had been made or entered at the time of filing
the petition or claim, and that no part of the $850 had been
repaid to Catherine or her estate.   Upon this petition an or-
der to show cause was made and served upon the administrator
*de bonis non* of John Minaghan, deceased, and his attorney,
and they appeared and made defense in the county court, de-
nying that anything was due, and setting up failure of the pe-
titioner to present her claim against the estate within the time
required by law, which expired January 6, 1902.   The matter
was heard and the county court disallowed the claim, and on
appeal to the circuit court the judgment of the county court
was reversed, the circuit court holding that the claim did not
accrue until the appointment of *Theresa Barry* as administra-
trix February 18, 1904, and that there being no person in ex-
istence having said claim, the statute of limitation and the or-
der of the county court limiting the time to present claims in
said estate matter did not apply or bar the claim, and ordered
that plaintiff recover from the estate the sum of $832.50 and
interest, with costs and disbursements.   The circuit judge filed
his decision in writing, and made his findings of fact and
conclusions of law, ordering judgment for plaintiff for the
amount claimed, with interest and costs.   Judgment was en-
tered accordingly for the sum of $1,490.08, from which judg-
ment this appeal was taken.

*V. I. Minahan,* for the appellant.

*James Kirwan,* for the respondent.

KERWIN, J.   The question raised by the first assignment
of error and the controlling one upon this appeal is whether
the claim of the respondent was barred because not presented
to the county court within the time allowed by the order for
the presentation of claims against the estate of John Min-
aghan, deceased.   The time fixed by the order expired on the
6th day of January, 1902, and the claim of the respondent

was presented by petition in February, 1904. The claim is based upon a loan made by Catherine Minaghan to John Minaghan, her husband, about a year before her death, payable on demand. The petition for the allowance of the claim alleged these facts and the testimony tended to establish them. The respondent's claim, therefore, is based upon a loan which was due and enforceable before the death of John Minaghan or his wife, Catherine Minaghan. Upon well-established principles of law, the cause of action to recover money loaned upon demand accrues at the time of the loan. *Hall v. Letts,.* 21 Iowa, 596; *Ware v. Hewey,* 57 Me. 391; *Kimball v. Kimball,* 16 Mich. 211; *Cook's Adm'rs v. Cook,* 19 Tex. 434;. *Baxter v. State,* 17 Wis. 588; *Curran v. Witter,* 68 Wis. 16,. 31 N. W. 705; *Schriber v. Richmond,* 73 Wis. 5, 40 N. W.. 644; *Turner v. Iron Chief M. Co.* 74 Wis. 355, 43. N. W.. 149.

"A cause of action accrues where there exists a claim capable of present enforcement, a suable party against whom it may be enforced, and a party who has a present right to enforce it." *Murphy v. Omaha* (Neb.) 95 N. W. 680; *Arnold's Heirs v. Arnold* (Ky.) 82 S. W. 606; 19 Am. & Eng. Ency. of Law (2d ed.) 193; *Weiser v. McDowell,* 93 Iowa, 772, 61 N. W. 1094; *Smith v. Bythewood,* Rice, Law (S. C.) 245,. 33 Am. Dec. 111.

The cause of action set up in the petition and claim filed existed in favor of Catherine Minaghan, and was capable of being enforced by her for a period of about a year before her death, and was during such time an accrued, valid, and existing cause of action, which she had a right to enforce. She had from the time of the loan down to the time of her death a present right to enforce the claim against her husband, and it passed to her estate an accrued claim against her husband,. and at the time of his death was a valid, existing claim against his estate. The court below held that the claim was enforceable against the estate of John Minaghan, deceased, notwithstanding it had not been presented during the time

required by the order for the presentation of claims, upon the theory that it did not accrue against the estate of John Minaghan, deceased, until a personal representative of the estate of Catherine Minaghan had been appointed, and therefore was not barred, on the authority of *Stehn v. Hayssen,* 124 Wis. 583, 102 N. W. 1074. But it will be seen that in the *Stehn-Hayssen Case* the cause of action did not arise until after death, and there this court held that a cause of action which arises after death cannot accrue until there is some person in existence who can bring it, and that there is no person in existence to bring an action in favor of the estate of a deceased person which arises after death until an executor or administrator is appointed. The court below obviously overlooked the distinction between causes of action arising after death and those accruing before death. In the former there is no person in existence who can bring the action until an executor or administrator is appointed, while in the case at bar there was a person capable of suing, a person to be sued, and an existing accrued cause of action. The distinction is clearly recognized in the statute (secs. 3840, 3844, 3860, Stats. 1898). The former sections (3840 and 3844) plainly make provision for accrued claims, while sec. 3860 provides for claims which accrue or become absolute after the time limited for creditors to present their claims, and further provides that the same may be presented and proved at any time within one year after they shall accrue or become absolute. It is therefore very clear that *Stehn v. Hayssen, supra,* does not apply to causes of action which accrue before death, and which are valid existing causes of action capable of being enforced before the death of the party against whose estate they are filed. In other words, the statutes contemplate two classes of claims: first, those accrued and existing at the time of death; and, second, those which accrue or become absolute after death; and it was held in the *Stehn-Hayssen Case* that a cause of action which arises after death cannot accrue until

there is some person in existence who can bring it. *Stehn v. Hayssen, supra,* has reference to cases falling under sec. 3860, Stats. 1898, which accrue or become absolute after death, and the doctrine of that case is well supported by the authorities, some of which are referred to in the opinion of the court, but it is very clear that such cases have no reference to a case like the one at bar. *Bucklin v. Ford,* 5 Barb. 393; *Sanford v. Sanford,* 62 N. Y. 553; *Baker's Adm'r v. Baker's Adm'r,* 13 B. Mon. 406. The decision in *Stehn v. Hayssen, supra,* is strictly confined to causes of action which arise after death, and, therefore, has no application here where the cause of action accrued before the death of either Catherine Minaghan or her husband, John Minaghan. The question, therefore, is whether the respondent has become barred because of failure to present the claim set forth in the petition as required by sec. 3844, Stats. 1898. Sec. 3840, Stats. 1898, provides:

"At the time of granting letters testamentary or of administration the county court, by order, shall fix a time, not less than six months nor more than one year thereafter, as the circumstances of the case may require, within which creditors shall present their claims for examination and allowance. . . ."

Sec. 3844, Stats. 1898, provides:

"Every person having a claim against a deceased person, proper to be allowed by the court, who shall not, after notice given as required by sec. 3839, exhibit his claim to the court within the time limited for that purpose shall be forever barred from recovering such demand or from setting off the same in any action whatever."

The rule is well established that words in a statute must receive a general construction, unless there is in the statute itself some ground for restraining their meaning by reasonable construction, not by arbitrary addition or retrenchment. The statute here contains no exception, but provides that every person having a claim, proper to be allowed, who shall not present it within the time limited, shall be forever barred.

Such statutes are known as "statutes of nonclaim," and are generally applied more rigorously than the general statutes of limitation, and in the absence of a saving clause run against all persons. *Winter v. Winter,* 101 Wis. 494, 77 N. W. 883. Such statutes have been held to bar married women, infants, and nonresidents, where there is no saving clause in their favor. 2 Woerner, Adm'n (2d ed.) § 402, and cases there cited; *Richardson v. Harrison,* 36 Mo. 96; *Rowell v. Patterson,* 76 Me. 196; *Erwin v. Turner,* 6 Ark. 14; *Morgan v. Hamlet,* 113 U. S. 449, 5 Sup. Ct. 583; *Van Steenwyck v. Washburn,* 59 Wis. 483, 17 N. W. 289. And, where a claim is a proper one to be presented against an estate, it must be presented or is forever barred. *Carpenter v. Murphey,* 57 Wis. 541, 15 N. W. 798; *Austin v. Saveland's Estate,* 77 Wis. 108, 45 N. W. 955; *Ernst v. Nau,* 63 Wis. 134, 23 N. W. 492.

But it is argued that notice was not duly given as required by sec. 3840, Stats. 1898. We have carefully examined the order and notice, and are unable to discover that the statute has not been complied with. Counsel in his argument insists that the order should contain more than the statute requires. Sec. 3840, Stats. 1898, in effect, provides that the county court, by order, shall fix a time, not less than six months nor more than one year thereafter, within which creditors shall present their claims for examination and allowance, and that the court shall fix by the order a time after presentation of claims for the examination and adjustment of any claims presented, and that notice of the time within which creditors may present their claims, and when the same will be examined and adjusted, shall be given by publication for four successive weeks, or in such other manner as the court may direct, the first publication to be within fifteen days of the date of the order. The order made, as appears from the record, fully complies with the provisions of this statute, and it appears to have been published in the manner prescribed. The order

was made on the 11th day of June, 1901, and provided that
the time allowed for creditors to present their claims for ex-
amination and allowance is limited from the date thereof un-
til and including the 6th day of January, 1902, and further
ordered that the claims and demands of all persons against
deceased be examined and adjusted by the court at the regu-
lar term thereof to be held at the office of said county judge
in the city of Chilton, said county, on the first Tuesday in
January, 1902, and that notice be given by publication of
the order for four successive weeks, once in each week, in
the Chilton Times, a newspaper published in said county, the
first publication to be within fifteen days from the date of the
order.    This appears to be a sufficient compliance with the
statute.    It is further insisted that an estate is not a "person
having a claim" within the meaning of sec. 3844, Stats. 1898,
requiring "every person having a claim against a deceased
person" to exhibit the same within the time limited, and
hence the claim of Catherine Minaghan's estate in question
was not barred.   Catherine Minaghan's claim against her hus-
band accrued before her death, and at the time the order was
made and notice given her estate was a creditor, and the stat-
ute on the subject (secs. 3840, 3844) obviously refers to all
creditors, whether natural or artificial persons.   Sec. 3840,
Stats. 1898, provides for an order fixing the time "within
which creditors shall present their claims," and sec. 3844,
Stats. 1898, provides that every person having a claim who
shall not, after notice given, exhibit it within the time limited
shall be forever barred.   These statutes clearly refer to cred-
itors, and require all creditors of the deceased, except those
specifically mentioned in sec. 3860, Stats. 1898, to exhibit
their claims for examination and allowance within the time
limited by the order of the court or be forever barred.   This
is the policy and purpose of such statutes.   *Ernst v. Nau*, 63
Wis. 134, 23 N. W. 492; *Winter v. Winter*, 101 Wis. 494,
77 N. W. 883.   We think, therefore, that the estate of Cath-

erine Minaghan was a creditor and person having a claim within the meaning of these statutes. *Rains v. Oshkosh,* 14 Wis. 403; *Segnitz v. Garden City B. & T. Co.* 107 Wis. 171, 83 N. W. 327; 2 Rapalje & L. Law Dict. 945; *Billings v. State,* 107 Ind. 54, 6 N. E. 914, 7 N. E. 763; *Winter v. Winter, supra; Ernst v. Nau, supra;* 2 Woerner, Adm'n (2d ed.) § 402.

The filing of the claim of John J. Minaghan by his guardian against the estate of John Minaghan, deceased, cannot inure to the benefit of the respondent here. It was a different cause of action and prosecuted in a different right. *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489. We know of no rule of law that will permit the respondent to avail herself of the proceedings there to support her claim here. We have examined the authorities cited by counsel on this point, and fail to discover that they support his contention. In *McKenney v. Minahan, supra,* the infant sued through his guardian to recover for his own benefit, and in the instant case the respondent sues to recover for the benefit of Catherine Minaghan's estate. The fact that eventually the infant who is heir of Catherine Minaghan, deceased, may profit by the recovery here cannot change the situation. The question discussed by respondent's counsel to the effect that statutes of limitation will not run against the wife in an action against the husband need not be further treated, because, independent of the fact that the present action is not between husband and wife, we have shown that the defense of coverture does not apply at all under this "nonclaim" or special statute, where there is no specific exemption in the statute itself. *Winter v. Winter,* 101 Wis. 494, 77 N. W. 883; 2 Woerner, Adm'n (2d ed.) § 402. It is further claimed that there was fraud on the part of the representatives of the defendant estate, from the consequences of which this court should grant relief. It appears from the record that the court below refused to find that any fraud had been committed. There is nothing

in the record which would entitle the respondent to relief on the grounds of fraud.

Counsel for respondent has shown great labor and research in the examination and presentation of authorities, and we have examined with care his very lengthy brief, but cannot bring ourselves to the conclusion that the judgment of the court below is right. We have not deemed it necessary to treat all the points made by counsel in his brief, but may say in passing that all questions discussed have received careful consideration. We think the claim presented was barred, and that the judgment below must be reversed.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with instructions to affirm the judgment of the county court.