Donald Lee SPITLER, Plaintiff-Appellant,

v.

Jeffrey DEAN, Defendant-Respondent.†

Court of Appeals

*No. 87–1255. Submitted on briefs January 20, 1988.—Decided March 2, 1988.*

(Also reported in 422 N.W.2d 879.)

† Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the brief of *David J. Cannon* of *Michael, Best & Friedrich,* of Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James O. Conway* of *Chase, Olsen, Kloet & Gunderson,* of Sheboygan.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. The trial court dismissed the battery claim in this case, ruling that the two-year statute of limitations had run. Because one of the components in determining when the statute begins to run is the identity of the allegedly responsible defendant, and because the defendant's identity was not known until December, 1985, the statute did not begin to run until then. Thus, the February 10, 1987 filing of the complaint was within the two-year limitation and we reverse.

The battery allegedly occurred on February 16, 1984. The defendant moved to dismiss the February 10, 1987 complaint because the two-year statute of limitations for intentional torts had run. The plaintiff responded, claiming he did not find out the defendant's identity until December, 1985, which claim the defendant did not dispute. The trial court ruled as a matter of law that a cause of action accrues upon discovery of the injury and dismissed the action.

In the trial court proceeding, both parties and the trial court concentrated on the meaning of *Hansen v. A.H. Robins Co.,* 113 Wis. 2d 550, 335 N.W.2d 578 (1983). In that case, the supreme court held that a cause of action accrues for statute of limitations purposes "where there exists a claim capable of present enforcement, a suable party against whom it

may be enforced, and a party who has the right to enforce it." *Id.* at 554, 335 N.W.2d at 580.

The defendant, and ultimately the trial court, viewed *Hansen* as limited to correcting the harsh result of prior law that a personal injury claim accrued on the date of injury regardless of whether the victim knew at that time that an injury had been sustained.

The trial court reasoned that the focus of *Hansen* was to declare that the date of injury was not the threshold marker for determining the statute of limitations. Rather, the statute of limitations began operating upon *knowledge* of injury sustained. *Hansen,* 113 Wis. 2d at 560, 335 N.W.2d at 583. The *Hansen* court did not reach the issue presented here— whether identity of the parties was an additional component in determining the date that the statute of limitations begins to run. Because the *Hansen* court did not reach this issue squarely, the trial court limited *Hansen* to its facts and dismissed this case.

We disagree that *Hansen* should have been read so narrowly. The *Hansen* court did not stop at saying that a claim accrues upon knowledge of injury. It went beyond that, albeit in dicta, writing that there must be a "suable party against whom it may be enforced." *Id.* at 554, 335 N.W.2d at 580.

The statement means that the claim accrues when the defendant can be identified. This is made clear by the supreme court's language in a case subsequent to *Hansen, Borello v. U.S. Oil Co.,* 130 Wis. 2d 397, 420, 388 N.W.2d 140, 149 (1986). The supreme court wrote:

> [T]his court has, over a period of years, developed a more acute appreciation of the plight of a plaintiff

who is perhaps injured but whose cause of action is not complete in the sense of there being a potential for a truly enforceable claim under the standards of *Barry* [*v. Minahan,* 127 Wis. 570, 107 N.W. 488 (1906)]. The statute should not commence to run until the plaintiff with due diligence knows to a reasonable probability of injury, its nature, its cause, and the identity of the allegedly responsible defendant.

Thus, in *Borello,* the supreme court determined that a suable party against whom a claim may be enforced means that when a plaintiff knows the *identity* of the person to be sued, the statute of limitations begins to run.

We acknowledge that the statements in *Borello* and *Hansen* are dicta, and that this is actually the first reported case where inability to identify the defendant is given as an explanation why the statute of limitations should not commence to run.

This court is well aware of the statement in *State v. Koput,* 142 Wis. 2d 370, 386 n.12, 418 N.W.2d 804, 811 (1988). There, the supreme court explained that the court of appeals is not bound by *obiter dicta* statements of the supreme court when it is irrelevant to the *ratio decidendi* of the case.

We determine here, however, that the dicta in *Borello* was relevant to the *ratio decidendi* of that case. The *Borello* court's statement furthers the development of the common law by providing a bright line test to guide the bench and bar in all cases where the accrual of a claim for relief is at issue. Its language is the result of specific reflection and deliberateness in the choice of words. It is not illustrative of some general maxim which might include something that is

not intended to be included. The same rationale justifying abatement of accrual of a claim due to nondiscovery of the injury applies equally well when nonidentity of the party to be sued is present.

This court would be remiss not to give force and effect to the *Borello* language. We view the statements made in *Hansen* and *Borello* as a result of the supreme court's deliberate reexamination of when a cause of action accrues. We refuse to hold *Hansen* and *Borello* to the facts of those cases. We reverse and remand with directions to reinstate the action.

*By the Court.*—Order reversed and cause remanded with directions.