PERELES and another, Executors, Respondents, vs. LEISER, Executor, imp., Appellant.

*September 30—October 20, 1903.*

*Appeal: Who may take: Mortgages: Foreclosure: Judgment for deficiency against personal representative of mortgagor: Failure to present claim against estate.*

1. A foreclosure judgment, entered by default, ordered that plaintiff have judgment for any deficiency against the executor of the will of the mortgagor. Immediately after the foreclosure sale, said executor appeared and prayed that said order for judgment for deficiency be held inoperative, on the ground

that there was no personal liability on the mortgage note at the time of the commencement of the action. The court ordered the judgment for deficiency to be entered. *Held*, that the executor was entitled to appeal from such order and judgment.

2. If no claim based upon a note secured by mortgage is presented against the estate of the deceased maker within the time limited for such presentation under sec. 3844, Stats. 1898, personal liability on the note is extinguished, and a subsequent judgment for deficiency against the executor of the deceased maker is erroneous.

APPEAL from an order and a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Reversed.*

An action by respondents' testator, commenced on August 24, 1900, to foreclose a real estate mortgage executed by Sarah Leiser, deceased, on or about the 15th day of April, 1892. The debt secured was evidenced by a note of the same date, due three years. thereafter. The plaintiff became the owner of the note and mortgage, for a valuable consideration, on the 30th day of June, 1900. No part of the principal sum has ever been paid on this note, and this action is brought to foreclose the mortgage and to collect the principal and the interest due.

Sarah Leiser, deceased, was a married woman when the note and mortgage were given, and owned the real estate, which she mortgaged as a part of her separate estate. She died in the city of Milwaukee, June 16, 1895, leaving a will, which was probated September 14, 1895. Letters testamentary were issued to *Isidor Leiser,* the executor named in the will, who qualified, and is now the executor. The county court of Milwaukee county made an order limiting the time for presenting and filing claims against the estate of the deceased, and directed notice to be given to creditors, as required by law, requiring all creditors to file their claims on or before the second Tuesday of April, 1896. The estate of the deceased included the premises mortgaged to secure this

debt. Thereafter the executor conveyed the premises to one William J. Allen, and he conveyed them, subject to this mortgage, to one George Chrest, a defendant in this action. It appears that Francesca Stroeble was the owner and holder of the note and mortgage from November 2, 1892, until she sold and assigned them to the respondents' testator. This note was due at the time of the death of Sarah Leiser, and was not presented or filed as a claim against her estate.

Plaintiff was awarded judgment for the amount due, with interest, and foreclosure and sale of the premises, and to have judgment for any deficiency against *Isidor Leiser,* as executor of the last will and testament of Sarah Leiser, deceased, and the deficiency was made a charge upon, and to be collected out of, her estate. Eaton & Bolzendahl served notice of retainer as attorneys for the executor November 23, 1901, and filed the petition of the executor, praying, in effect, that the part of the judgment ordering judgment for deficiency should be held inoperative. The sheriff's report of sale was made November 18, 1901, and the proceedings thereon and the executor's petition were heard by the court January 6, 1902. In this proceeding the court approved the sheriff's report, and directed that judgment for a deficiency be entered, as awarded in the foreclosure judgment, for the deficiency specified in the sheriff's report. This is an appeal from that part of the judgment of foreclosure which orders judgment for the deficiency and the order directing the amount to be entered as such deficiency.

The plaintiff having died while the cause was pending in this court, the action was revived in the name of his executors as respondents.

*H. L. Eaton,* for the appellant.

*W. O. Thomas,* for the respondents, contended that it was not necessary to file the note and mortgage as a claim against the estate. (1) The mortgagee had no standing in the county court, and that court could not give any adequate relief.

*Gianella v. Bigelow,* 96 Wis. 185; *Lannon v. Hackett,* 49 Wis. 261; *Gager v. Paul,* 111 Wis. 646; *Crow v. Day,* 69 Wis. 637; *Mann v. Everts,* 64 Wis. 377; *South Milwaukee Co. v. Murphy,* 112 Wis. 614. (2) The practice in a case like this is to wait until a deficiency judgment is ordered, and have it certified to the county court. *Reinig v. Hecht,* 58 Wis. 212; *Gianella v. Bigelow,* 96 Wis. 185–201. (3) A deficiency judgment so certified stands as an allowed claim against the estate. *Reinig v. Hartman,* 69 Wis. 28. (4) The judgment of foreclosure and sale is a final judgment, and any defense to the action should be made before and not after judgment. *Witter v. Neeves,* 78 Wis. 549; *Gaynor v. Blewett,* 86 Wis. 400; *Kane v. Williams,* 99 Wis. 72; *Tormey v. Gerhart,* 41 Wis. 58.

Siebecker, J. Appellant appeared by counsel in this action November 23, 1901, immediately after the sale of the premises under the foreclosure judgment. He moved upon the record, proceedings, and by petition that the order in the judgment for a judgment of deficiency be disregarded, on the ground that no personal liability existed on the note at the time of the commencement of this action, and that the order in the foreclosure judgment for a judgment for any deficiency should therefore be disregarded and treated as of no effect. On January 6, 1902, after hearing plaintiff for the entry of a judgment for deficiency on the sheriff's report, and the appellant opposing such order and judgment because contrary to law, the court approved the sheriff's report, and ordered that judgment for a deficiency be entered, as awarded in the judgment, for the deficiency shown by the report of the sheriff.

It is contended that appellant cannot now avail himself of the error of the lower court in awarding judgment of deficiency. Respondents concede no claim was filed on the note against the estate of Sarah Leiser, deceased, and when this

action was commenced the time for filing claims against her estate had expired, and that the plaintiff, their testator, took his judgment of deficiency against appellant as executor of her estate under the judgment decreeing a foreclosure and awarding the entry of such a judgment. We can perceive no reason why appellant after such appearance and hearing in the matter cannot avail himself of the right to appeal from that part of the judgment of foreclosure awarded against him as executor, and the order directing the entry thereof, since such appeal has been taken within the time limited by statute after the entry of judgment.

The vital question on this appeal is, Was plaintiff entitled to recover on the note against the appellant as executor of this estate on August 24, 1900, when this action was commenced which resulted in this judgment of foreclosure and for deficiency in plaintiff's favor. Sec. 3844, Stats. 1898, provides:

"Every person having a claim against a deceased person, proper to be allowed by the court who shall not after notice given as required by section 3840 exhibit his claim to the court within the time limited for that purpose, shall be for-ever barred from recovering such demand or from setting off the same in any action whatever."

It was held, under this statute, that all claims against a decedent which can properly be presented against his estate must be filed for allowance with the county court upon due notice, and all claims not presented as required by sec. 3844 are absolutely barred, and thereby the remedy is cut off and the right of action is extinguished. *Carpenter v. Murphey*, 57 Wis. 541, 15 N. W. 798; *Winter v. Winter*, 101 Wis. 494, 77 N. W. 883. In *Eingartner v. Illinois S. Co.* 103 Wis. 373, 79 N. W. 433, this court approved the doctrine as stated in *Woodman v. Fulton*, 47 Miss. 682, "that the bar created by the statute of limitation is as effectual as payment or any other defense, and when once vested cannot be taken away

by legislative action without the defendant's consent." In this case the limitation for exhibiting a claim on this note against the estate of Sarah Leiser, deceased, had run against it before this action was commenced. Hence, there can be no judgment over for any deficiency against the appellant as the executor of her estate. The question is well settled under repeated decisions in this state, which declare, in positive terms, that after such an extinguishment of a claim no foundation for a personal judgment remains on the note, though the right to a judgment of foreclosure of the mortgage to enforce the lien still existed, and therefore "the power to render a personal judgment in the foreclosure action cannot be exercised, because there is no longer any one personally liable to satisfy the conditions of the statute." *Duecker v. Goeres,* 104 Wis. 29, 80 N. W. 91.

The judgment of deficiency was without authority and therefore erroneous.

*By the Court.*—The order directing the entry of a personal judgment against *Isidor Leiser,* as executor of the last will and testament of Sarah Leiser, deceased, and making it a charge upon her estate, and the part of the judgment appealed from, are reversed.

