ESTATE OF LEISER: PERELES and another, Executors, Respondents, vs. LEISER, Executor, Appellant.

*February 17—March 9, 1909.*

*Executors and administrators: Claims not filed within time limited: Allowance: Mortgages: Foreclosure: Deficiency judgment against executor.*

A judgment for deficiency on foreclosure of a mortgage, entered in the circuit court against an executor as such and ordering payment out of the estate in his hands, may properly be allowed by the county court as a claim against the estate, although not filed as such until after the expiration of the time limited for the filing of claims.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This action was tried in the court below upon the following stipulated facts: That a judgment of deficiency in the case of B. F. Pereles in his lifetime was entered upon a mortgage foreclosure against *Isidor Leiser* as executor of the estate of Sarah Leiser, deceased, of $596.43 on February 5, 1902; that no copy of the note or claim was ever filed in the probate court of this county in which the estate was then pending; that due notice to creditors had been previously given, and the time for filing claim had expired before bringing the foreclosure action; that a foreclosure action was brought upon the original mortgage and the property sold at sheriff's sale, in which *Isidor Leiser,* as executor, was made

party defendant; that no appearance was made in that action until application was made for the confirmation of the sale and report of sheriff, which application was made for a deficiency judgment; that at that time *Isidor Leiser,* as executor, appeared by his attorney in the circuit court of this county and objected to the entry of the deficiency judgment for the reason that no claim had ever been filed against the estate; that an appeal was taken from the order of the circuit court directing the deficiency judgment against the estate, which appeal was dismissed in the supreme court for the reason that it was not taken within the two years from the entry of the original judgment of foreclosure; that a *remittitur* was filed in the circuit court, and that the judgment of the circuit court for deficiency upon the filing of the *remittitur* from the supreme court was filed as a claim in the probate court of this county against the estate of Sarah Leiser, deceased, for the sum of $596.43 and interest; that this judgment was filed as a claim against the estate long after the expiration [of the time] for the filing of claims under the order of the court, and no application has been made in the county court to enlarge the time for the filing of claims as shown by the record.

It was further stipulated that *Isidor Leiser,* prior to any proceeding had in this matter, had been appointed as executor of the estate of Sarah Leiser, deceased, under the will, and that said will had been admitted to probate and said *Isidor Leiser* had duly qualified, and that since the obtaining of the deficiency judgment B. F. Pereles died, and that *Max* and *Herman Pereles* have been regularly appointed by the probate court as executors of the estate of B. F. Pereles, deceased, and that all necessary proceedings have been had for the revival of the action in their names as such executors; that James H. Stover was duly appointed by the probate court of this county as guardian *ad litem* of the minor heirs of Sarah Leiser, deceased.

It was further stipulated and agreed that *Isidor Leiser,* as

executor of the estate of Sarah Leiser, deceased, appeared by counsel in the probate court and objected to the allowance of the judgment as a claim against the estate, and that one of the minor heirs, a daughter of Sarah Leiser, who is still a minor, also appeared both by counsel and by her guardian *ad litem,* James H. Stover, and objected to the allowance of said claim; that the claim was allowed by the county court and no part of it has been paid. It was further stipulated that said claim was objected to on the part of *Isidor Leiser,* executor, and also on the part of the minor, on the ground that said claim was not filed within the time required by law, and that the statute of limitations had run upon the filing of said claim, which was objection to the allowance of said claim.

Upon the foregoing stipulated facts the court on February 20, 1908, rendered judgment adjudging that the order of the county court be affirmed, from which judgment this appeal is taken.

*H. L. Eaton,* for the appellant.

The cause was submitted for the respondents on the brief of *W. O. Thomas.*

KERWIN, J. The judgment of the circuit court standing unreversed against the executor of Sarah Leiser, deceased, and ordering the amount of such judgment paid out of the estate, is conclusive at least against the executor and could be enforced against him in the usual manner for the collection of judgments. Of course the rule is well settled in this state that after the time for presenting claims against the estate of a deceased person has elapsed all claims become barred and extinguished. *Winter v. Winter,* 101 Wis. 494, 77 N. W. 883; *Carpenter v. Murphey,* 57 Wis. 541, 15 N. W. 798; *Austin v. Saveland's Estate,* 77 Wis. 108, 45 N. W. 955; *Field v. Estate of Mundy,* 106 Wis. 383, 82 N. W. 343; *Davis v. Davis,* 137 Wis. 640, 119 N. W. 334. Whether the judgment creditor in this case would be entitled to allowance

of his claim against the estate as matter of right we need not
and do not determine.    It is sufficient that he was entitled
to enforce it against the executor as executor of the estate of
Sarah Leiser, deceased, and collect it out of any property
which might be found belonging to the estate in the possession
of the executor.    So if the judgment was a proper judgment
to be paid by the executor, it was permissible for the county
court to allow the amount of such judgment and order its
payment, that being simply a mode of aiding in the collection
thereof.    This, as we understand it, was the effect of the al-
lowance of the judgment in the county court affirmed on ap-
peal.    Under such circumstances we cannot say that any one
was prejudiced by the allowance of the claim; therefore the
judgment must be affirmed.

*By the Court.*—The judgment of the court below is af-
firmed.