SCHMIDT and another, Respondents, vs. GRENZOW and others, imp., Appellants.

*January 12—February 1, 1916.*

*Mortgages: Foreclosure: Deficiency judgment against heirs of mortgagor: Contingent claim against decedent.*

1. A judgment for deficiency in a foreclosure action cannot properly be entered against the heirs of a deceased mortgagor where complete administration of his estate has been had and no claim was filed by the mortgagee in the administration proceedings. *Pereles v. Leiser*, 119 Wis. 347, followed; *Pereles v. Leiser*, 138 Wis. 401, distinguished.

2. The sum secured by a mortgage being a fixed amount and due at a definite time in the future, the mere contingency as to whether or not there will be a deficiency after a foreclosure sale does not make the mortgagee's claim a contingent one, within the meaning of sec. 3858, Stats.

APPEAL from a part of a judgment of the circuit court for Green county: GEORGE GRIMM, Circuit Judge. *Reversed.*

Action to foreclose a real-estate mortgage of $6,000 securing two notes of $5,000 and $1,000, each, executed by one E. O. Grenzow, since deceased.

Administration on the estate of the mortgagor had been completed before this action was begun, and the sum of $1,762.27 out of his personal estate was assigned to each of the four appellants. At the time of administration the mortgage indebtedness was not due and plaintiffs filed no claim against the estate. The plaintiff *Schmidt* owns the note of $5,000 and the plaintiff *Babler* is the owner of the $1,000 note. The defendant Mary Legler is liable as an indorser of the $1,000 note and does not appeal. In the usual foreclosure judgment the court also ordered a judgment for a deficiency, if any should arise, against the four heirs to the extent of $1,762.27 each. From that part of the judgment they appeal.

For the appellants there was a brief by *Sprague & Jenks,*

attorneys for *Louise Grenzow,* and *Burr Sprague,* guardian *ad litem* for *Harry L. Grenzow, Orpha M. Grenzow,* and *Daisy B. Grenzow;* and oral argument by *Burr Sprague.*

For the respondents the cause was submitted on the brief of *J. L. Sherron.*

VINJE, J.   This case presents the question whether a judgment for a deficiency in a foreclosure action can be properly entered against the heirs of a deceased mortgagor where complete administration of his estate has been had and no claim has been filed by the mortgagee in the administration proceedings.   The question was answered in the negative in *Pereles v. Leiser,* 119 Wis. 347, 96 N. W. 799.   The only difference between that case and this is that there the indebtedness was due at the time of administration and here it was not.   But a fixed amount due at a definite time in the future is not a contingent claim within the meaning of sec. 3858, Stats. 1915.   Hence, the only contingency in this case is whether or not there will be a deficiency after sale.   That was the only contingency in the *Pereles Case* and it was argued that such contingency made the claim a contingent one. But the court held that it did not.   It is evident that the contingency of a deficiency is no greater where the note is not due than where it is due.

If a mortgagee deems himself insecure he can file his claim against the estate.   If he does not do so he must be held to rely solely upon the security.

The case of *Pereles v. Leiser,* 138 Wis. 401, 120 N. W. 274, is relied upon as authority for the right to a deficiency judgment.   In that case the judgment of the circuit court against the executor for a deficiency had to be treated as a valid judgment because unappealed from for two years, and it was held that the allowance of such valid judgment against the estate by the county court after the time for filing claims had expired was not error, as it was only another way of col-

lecting the judgment. The decision in *Pereles v. Leiser,* 119 Wis. 347, 96 N. W. 799, rules this case.

*By the Court.*—That part of the judgment appealed from is reversed.