JOHNSON, Respondent, vs. LANDERUD, Executor, imp., Appellant.

*November 12—December 6, 1932.*

The cause was submitted for the appellant on the brief of *Clancey, Loverud & Loverud* of Stoughton, and for the respondent on that of *Gilbert, Ela, Heilman & Raeder* of Madison.

FOWLER, J. Nils O. Landerud guaranteed payment of a note secured by a mortgage on real estate. An action for foreclosure of the mortgage to which he was a party proceeded to judgment of foreclosure prior to his death. The judgment contained the usual provisions adjudging the amount due on the note, directing sale to satisfy the amount if redemption was not made within the statutory period, and directing that a judgment be entered against Nils for the deficiency if the land did not sell for enough to pay the amount adjudged due on the note. These provisions are prescribed by secs. 278.01, 278.02, 278.03, and 278.04, Stats. Before sale pursuant to the judgment, Nils died and the plaintiff moved to continue the action in the name of the executor under the statute, sec. 269.23, prescribing the proceedings to revive an action. The motion was granted. Thereafter the property was sold pursuant to the judgment but for less than the mortgage debt, and a judgment for deficiency was entered against the executor.

The executor claims that the action was not pending after Nils died and that for this reason sec. 269.23 does not apply. The contention that the action was not pending after the death of Nils is based on the fact that by the statutes governing actions for the foreclosure of mortgages the judgment contains an adjudication of liability for any deficiency arising on sale of the premises from which an appeal lies; that for this reason the judgment is a final judgment; and that an action cannot be a pending action subject to continuance under the revival statute after final judgment has been entered.

We are of opinion that the order of substitution was proper. While the foreclosure judgment was a final judg-

ment in the sense that it finally determined that Nils was liable for a deficiency judgment, the case in which it was entered was pending in the sense that proceedings were yet to be taken therein, and so pending that the name of the executor could be substituted as a party in place of that of the deceased in the subsequent proceedings. This seems to follow as matter of common sense. The precise point seems not to have been heretofore passed upon by this court and no decisions are called to our attention that seem to us to bear upon the question.

*By the Court.*—The judgment of the circuit court is affirmed.