ESTATE OF LANDERUD: JOHNSON, Appellant, vs. LANDERUD, Executor, Respondent.

*November 12—December 6, 1932.*

The cause was submitted for the appellant on the brief of *Gilbert, Ela, Heilman & Raeder* of Madison, and for the respondent on that of *Clancey, Loverud & Loverud* of Stoughton.

FRITZ, J. After the expiration of the time fixed by an order duly entered under sec. 313.03, Stats., for the filing

of claims against the estate of Nils O. Landerud, deceased, Clarence Johnson filed a claim for the recovery from the estate .of the amount of $6,800, or such part thereof as may be determined to be owing by Nils O. Landerud or his estate upon the ultimate entry of a deficiency judgment in a pending foreclosure action, in which the claimant herein is plaintiff and Ora J. Green and his wife and Nils O. Landerud are defendants. A decision on an appeal from an order reviving that action against the executor of the will of Nils O. Landerud is filed herewith (*ante,* p. 672, 245 N. W. 862), and some of the facts stated in that decision are also material on this appeal.

On the hearing of the proceedings in relation to the claim filed by Johnson in the county court, it appeared that liability on the part of Nils O. Landerud was predicated on the customary order for a deficiency judgment in a fore-closure judgment, under which Nils O. Landerud and the other defendants were held liable to Johnson for the payment of any deficiency in the event of insufficient proceeds being realized upon a foreclosure sale of the mortgaged property. Before the statutory period of redemption had expired, Nils O. Landerud had contracted, in writing, with Johnson for the extension for one year of the period of redemption, and in that contract Nils O. Landerud had promised "That on or before the date last named, he will pay plaintiff the amount unpaid upon said judgment with interest thereon at the rate therein provided." Nils O. Landerud died before the expiration of the extended period of one year, and before the sale pursuant to the foreclosure judgment.

In respect to the claim filed by Johnson in county court, he seeks to avoid the bar of sec. 313.08, Stats., because of his failure to exhibit his claim in that court within the time limited for the filing of his claims, by contending that his claim is a contingent claim within the contemplation of

secs. 313.22 and 313.23, Stats., and may therefore be allowed within the period prescribed by the latter section. Consequently the question on this appeal is whether Nils O. Landerud's liability for a deficiency judgment is contingent within the meaning of that term as used in secs. 313.22 and 313.23, Stats. Under the decisions construing the word "contingent" as used in those sections, Nils O. Landerud's liability under the order in the foreclosure judgment in relation to a deficiency judgment, and also under his contract to pay the obligation in consideration of the extension of the period of redemption, was absolute and not merely contingent. There was an absolute indebtedness on the part of Nils O. Landerud for the total amount, and the only uncertainty was as to the extent to which the total amount absolutely owing might be discharged upon crediting thereon the proceeds of the sale of the mortgaged property. Uncertainty as to whether ultimately there will be a deficiency after applying the proceeds of a foreclosure sale does not render the judgment creditor's claim, by virtue of such a judgment, contingent. *Pereles v. Leiser,* 119 Wis. 347, 96 N. W. 799; *Schmidt v. Grenzow,* 162 Wis. 301, 156 N. W. 143. In the latter case this court said:

"Hence the only contingency in this case is whether or not there will be a deficiency after sale. That was the only contingency in the *Pereles Case,* and it was argued that such contingency made the claim a contingent one. But the court held that it did not."

The rule as declared in those cases necessitates affirming the order disallowing Johnson's claim in so far as he attempted to have it allowed under secs. 313.22 and 313.23, Stats. However, such disallowance is without prejudice to such rights, if any, as he may have under sec. 313.10 by reason of proceedings under sec. 269.23, for the revival and continued prosecution of the foreclosure action to a final judgment for a deficiency.

*By the Court.*—Order affirmed.