W. H. MILLER COMPANY, Trustee, Appellant, vs. KEEFE and others, Defendants: FIRST NATIONAL BANK & TRUST COMPANY OF RACINE, Executor, Respondent.

*April 15—May 20, 1941.*

The cause was submitted for the appellant on the brief of *C. O. Bergener* of Racine, and for the respondent on that of *Knoblock & Konnak* of Racine.

ROSENBERRY, C. J. The questions for decision are as follows: (1) Did the failure of the plaintiff to file a claim for deficiency in the county court of Racine county against the estate of Fred W. Plath deprive the plaintiff of a right to a deficiency judgment against the executor? (2) Under the facts of this case, Was the court warranted in denying the motion for revivor on account of the laches of the plaintiff and on account of the fact that twenty per cent of the estate had been distributed by order of the county court?

The plaintiff relies upon the case of *Johnson v. Landerud* (1932), 209 Wis. 672, 245 N. W. 862. In that case one Landerud guaranteed payment of a note secured by a mortgage on real estate. He was made a party to an action foreclosing a mortgage which proceeded to judgment prior to his death. The judgment directed that if the amount was not satisfied by the sale of the property a judgment for deficiency should be entered against Landerud for the amount thereof. Before sale Landerud died. The plaintiff moved to revive the action against the executor under sec. 269.23, Stats. The motion was granted. Thereafter the real estate was sold for less than the mortgage debt and a judgment for deficiency was entered against the executor. The executor appealed, contending that the judgment of foreclosure was a final judgment and that an action cannot be pending so as to be the subject of revival after a final judgment has been entered. The court held that while the judgment was final in some sense, the action was still pending in the sense that proceedings were yet to be taken. It was held that a judgment of foreclosure is not final and may be revived against the person

personally liable for the obligation for the purpose of completing the proceedings yet to be taken.

Here it is the claim of the respondent that any personal liability which survived and constituted a claim against Plath was extinguished by reason of the failure of the plaintiff to file its claim in the county court having jurisdiction of the estate of Plath. This contention raises for decision the question whether the failure to file a claim against the estate of Plath extinguished the liability under the provisions of the nonclaim statute. Sec. 313.08, Stats., provides:

"Every claim against a decedent, proper to be filed in probate proceedings in county court, which shall not, after notice given as required by sections 313.03 and 313.04, be filed within the time limited for that purpose, shall forever be barred."

This contention must be decided in favor of the respondent on the authority of *Pereles v. Leiser* (1903), 119 Wis. 347, 96 N. W. 799, and *Schmidt v. Grenzow* (1916), 162 Wis. 301, 156 N. W. 143.

The case of *Pereles v. Leiser* (1909), 138 Wis. 401, 120 N. W. 274, is distinguished from this case by reason of the fact that in that case a judgment had been rendered against the executor and the time of appeal therefrom had expired. The implication is that the judgment was erroneously rendered but having been rendered it could be collected out of the estate. The whole matter of the effect of nonclaim statutes as applied to a real-estate mortgage or a mortgage debt is dealt with in a note, 78 A. L. R. 1126.

In this case the trial court correctly held that the claim against the general assets was barred by reason of the failure of the plaintiff to file it within the time limited by law.

In *Schmidt v. Grenzow, supra,* it is held that even though the debt is not due at the time of administration, it is not a contingent claim within the meaning of sec. 313.22, Stats., relating to the filing of contingent claims.

*By the Court.*—The order appealed from is affirmed.